IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXIS GUERRERO, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-1960 |
| OLLIE'S BARGAIN OUTLET, INC., | * | |
| | * | |
| DEFENDANT. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Alexis Guerrero ("Plaintiff" or "Guerrero") brings this action against Defendant Ollie's Bargain Outlet, Inc. ("Ollie's") based upon a single incident which occurred at the Ollie's store in Salisbury, Maryland on June 6, 2020. He alleges racial discrimination in violation of 42 U.S.C. § 1981 (Count I). (Compl., ECF No. 1.) Specifically, Guerrero alleges that Ollie's impeded his ability "to enter into, or enjoy the benefits of, a contractual relationship" on the basis of his race. (*Id.* ¶ 40.) Plaintiff also asserts Maryland state law claims for negligent supervision (Count II) and negligent retention (Count III). (*Id.* ¶¶ 43-51.) Presently pending before this Court is Ollie's Motion to Dismiss for Failure to State a Claim. (ECF No. 6.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Ollie's Motion to Dismiss (ECF No. 6) is GRANTED. Accordingly, Plaintiff's claim under 42 U.S.C. § 1981 (Count I) is DISMISSED WITH PREJUDICE. This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for negligent supervision (Count II)

and negligent retention (Count III), and those claims are DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Alexis Guerrero is a Black man. (ECF No. 1 ¶ 3.) He was born in the Dominican Republic and moved to Salisbury, Maryland as a youth. (*Id.*) Defendant Ollie's Bargain Outlet, Inc. is a Pennsylvania corporation that owns and operates a store in Salisbury. (*Id.* ¶ 4.) On June 6, 2020, Guerrero and his sister were shopping for flowerpots in the outdoors section of the Salisbury Ollie's location. (*Id.* ¶ 6.) After finding one flowerpot of interest, Guerrero and his sister searched for a second, matching pot. (*Id.* ¶ 8.) As they searched, Ollie's employee Richard Murray brought out a container of additional flowerpots. (*Id.* ¶ 9.) After Murray set down the container but before he had opened it, Guerrero approached and located the matching pot he and his sister sought. (*Id.* ¶¶ 10-11.) Murray then pulled out a knife and began to gesture with it towards Guerrero. (*Id.* ¶ 12.) Murray told Guerrero to look elsewhere for pots and began to yell at him. (*Id.* ¶ 15-16.)

As Guerrero walked inside the Ollie's store to speak to a manager, Murray yelled a racial slur and threatened to stab him. (*Id.* ¶¶ 18-19.) After entering the store, Guerrero informed a cashier that Murray had threatened him. (*Id.* ¶¶ 21-22.) The cashier directed Guerrero to the manager, who was located at the back of the store. (*Id.* ¶ 24.) Guerrero

informed the manager, who identified himself as Mike G., that Murray had threatened him and his sister with a knife and accosted them with racial epithets. (*Id.* ¶ 26.) Seconds later, Guerrero heard screams to "call the cops" coming from the front of the store. (*Id.* ¶ 28.) Guerrero and Mike G. ran towards the screams and saw Murray and Guerrero's sister surrounded by a crowd of bystanders. (*Id.* ¶ 29-30.) Murray threatened Guerrero's sister, cursing at her and yelling that he would shoot her. (*Id.* ¶¶ 31-32.) Mike G. then intervened and led Murray to the back of the store. (*Id.* ¶ 32.) Another Ollie's employee consoled Guerrero and his sister. (*Id.* ¶ 33.)

Approximately fifteen minutes later, the police arrived at the store. (*Id.* ¶ 34.) Mike G. then walked Murray to his vehicle, and Murray sped off from the scene. (*Id.*) Guerrero's sister pursued criminal charges against Murray, who was ultimately convicted of second-degree assault.[1] (*Id.* ¶ 37.) As a result of the events of June 6, 2020, Guerrero experienced emotional distress and physical symptoms. (*Id.* ¶ 38.) On August 4, 2021, he filed suit against Ollie's in this Court. (ECF No.1.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and

---

[1] Ollie's represents that it no longer employs Murray. (Mot. to Dismiss, ECF No. 6-1 at 2.)

not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

### I.    42 U.S.C. § 1981 Claim

Plaintiff's claim under 42 U.S.C. § 1981 is subject to dismissal. Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . as is enjoyed by white citizens . . . .

4

> (b) . . . the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981. As Judge Chasanow of this Court has noted, "[m]ost § 1981 actions involve employment discrimination claims . . . [d]iscrimination claims involving retail transactions are more rare." *Jarvis v. FedEx Office & Print Servs.*, Civil Action No. DKC 08-1694, 2010 U.S. Dist. LEXIS 25002, at *18 (D. Md. Mar. 17, 2010). "When faced with such claims, courts have generally employed a three-prong test. To state a cause of action under § 1981 in this context, a plaintiff must show that (1) he is a member of a racial minority, (2) the defendant intended to discriminate against him on the basis of race, and (3) the discrimination concerned one or more of the activities protected by the statute." *Id.*; *see also Balt.-Clark v. Kinko's Inc.*, 270 F. Supp. 2d 695, 699 (D. Md. 2003). As the United States Court of Appeals for the Fourth Circuit has made clear,

> A plaintiff may ultimately prove a race-discrimination claim under § 1981 through "direct or circumstantial evidence showing . . . intentional discrimination aimed at the plaintiff's [race]," or through the "burden-shifting framework" of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973). *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). However, a § 1981 plaintiff need not plead facts demonstrating that [he] satisfies the *McDonnell Douglas* framework to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). Rather, to state a § 1981 race-discrimination claim, a plaintiff must allege facts making it plausible "that, but for race, [he] would not have suffered the loss of a legally protected right" under the statute. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

*Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x 167, 171 (4th Cir. 2020).

Plaintiff seeks to proceed by producing direct evidence of discrimination. (Pl. Opp., ECF No. 9-1 at 6; *see also Johnson v. Toys "R" Us - Del., Inc.*, 95 F. App'x 1, 6 (4th Cir. 2004) (discussing standard for direct evidence in § 1981 cases).) In this case, Plaintiff has

sufficiently alleged the first and second elements of a retail transaction-based § 1981 cause of action. Namely, he has alleged that he is Black, and therefore a member of a racial minority group. He has also alleged that Ollie's intended to discriminate against him on the basis of race when its employee threatened him with racially demeaning language as he shopped for flowerpots.

Plaintiff has not, however, sufficiently alleged that the discrimination at issue concerned one or more activities protected by § 1981. Specifically, Plaintiff has failed to allege that "he was denied the opportunity to contract for goods or services that was otherwise afforded to white customers." *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004); *see also Balt.-Clark v. Kinko's Inc.*, 270 F. Supp. 2d 695, 699 (D. Md. 2003) (noting that in order to state a claim under § 1981, "a retail customer must allege that he was actually denied the ability to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus"). Plaintiff makes no claim that Ollie's actually prevented him from purchasing a flowerpot. Indeed, in his Opposition, Plaintiff concedes that he voluntarily left Ollie's without attempting to make a purchase after his assailant had fled the premises. (ECF No. 9-1 at 7-8.) Other courts to consider the issue have held that "a claim for interference with the right to make and enforce a contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities." *Morris v. Office Max*, 89 F.3d 411, 414 (7th Cir. 1996) (denying a retail transaction-based claim under § 1981 where plaintiffs did not attempt to make any

purchases). Accordingly, Plaintiff's claim under 42 U.S.C. § 1981 fails and is DISMISSED WITH PREJUDICE.[2]

## II. State Law Claims

As Plaintiff's sole federal claim, over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, is subject to dismissal, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for negligent supervision and negligent retention. 28 U.S.C. § 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *See also Hilliard v. Kaiser Found. Health Plan of the Mid— Atlantic States*, 169 F. Supp. 2d 416, 418-19 (D. Md. 2001). The United States Supreme Court has cautioned against the use of supplemental jurisdiction and suggested that in cases where the federal claims are dismissed before trial, "the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Walker v. City of Salisbury*, 170 F. Supp. 2d 541, 552 (D. Md. 2001) (declining to exercise pendent jurisdiction over plaintiffs' remaining state law claims when the court granted defendants' motion to dismiss all of plaintiffs' federal claims). In this case, Plaintiff's negligent supervision and negligent retention claims sound in Maryland law and are not analyzed under any applicable federal

---

[2] The determination of whether dismissal should be with prejudice is within the discretion of the district court. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013). "[D]ismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Erbe v. Campbell*, Civil Action No. GLR-20-3266, 2021 U.S. Dist. LEXIS 89821, at *15 (D. Md. May 11, 2021) (citing *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)). Plaintiff's concession that he voluntarily left Ollie's without attempting to make a purchase defeats any possible claim for race-based discrimination in the retail transaction context. Accordingly, dismissal with prejudice is appropriate.

legal framework. Accordingly, this Court declines to exercise supplemental jurisdiction over these claims and they are DISMISSED WITHOUT PREJUDICE.[3]

## CONCLUSION

For the reasons stated above, Defendant Ollie's Bargain Outlet, Inc.'s Motion to Dismiss (ECF No. 6) is GRANTED. Plaintiff's claim under 42 U.S.C. § 1981 (Count I) is DISMISSED WITH PREJUDICE, and Plaintiff's state law claims for negligent supervision (Count II) and negligent retention (Count III) are DISMISSED WITHOUT PREJUDICE, as this Court declines to exercise supplemental jurisdiction over them.

A separate Order follows.

Dated: April 1, 2022

_____/s/_____

Richard D. Bennett
United States District Judge

---

[3] *See, e.g.*, *TECH USA, Inc. v. Milligan*, Civil Action No. RDB-20-0310, 2021 U.S. Dist. LEXIS 37961, at *17-18 (D. Md. Mar. 1, 2021) (noting that "[w]hen, as here, the federal claim is dismissed early in the case the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction") (citations omitted).